**Jack B. SELLERS, Appellant,**

v.

**The CORPORATION COMMISSION of the State of Oklahoma and Curt Brown Drilling Company, Appellees.**

**No. 52347.**

Supreme Court of Oklahoma.

Feb. 24, 1981.

---

DeVilliers & DeVilliers by W. Rodney DeVilliers, Sr., Oklahoma City, for appellant.

Watson, McKenzie & Moricoli by H. B. Watson, Jr. and Richard K. Books, Oklahoma City, for appellee, Curt Brown Drilling Co.

HODGES, Justice.

The appellant, Jack B. Sellers, is the owner of 2½ acres of minerals in a forty-acre drilling and spacing unit located in Okfuskee County, Oklahoma. Sellers seeks to vacate a forced pooling order of the Corporation Commission [Order No. 140283] because he asserts: 1) the applicant, Curt Brown Drilling Co., appellee, did not unconditionally propose to drill a well on the drilling and spacing unit; 2) the pooling order was unconstitutional because it was based upon a contingent proposal to drill a well; 3) the evidence did not substantiate the estimated well costs; 4) the Commission relied on inapplicable authority in entering the pooling order, and 5) the pooling order was contrary to the laws of the state and failed to provide for correlative rights of non-consenting mineral owners.

I

The principal contention on appeal is that the Corporation Commission should not have entered the pooling order because the drilling company did not unconditionally propose to drill the unit well. The applicable statute, 52 O.S.Supp.1977 § 87.1(e),[1] [in

---

1. It is provided by 52 O.S.Supp.1977 § 87.1(e) in pertinent part:

When two or more separately owned tracts of land are embraced within an established spacing unit, or where there are undivided interests separately owned, or both such separately owned tracts and undivided interests embraced within such established spacing unit, the owners thereof may validly pool their interests and develop their lands as a unit. Where, however, such owners have not agreed to pool their interests and where one such separate owner has drilled or proposes to drill a well on said unit to the common source of supply, the Commission, to avoid the drilling of unnecessary wells, or to protect correlative rights, shall, upon a proper application therefor and a hearing thereon, require such owners to pool and develop their lands in the spacing unit as a unit. All orders requiring such pooling shall be made after notice and hearing, and shall be upon such terms and conditions as are just and reasonable and will afford to the owner of

order to protect correlative rights and to prevent the drilling of unnecessary wells] requires forced pooling if the mineral owners have not agreed to pool their interests or where a separate owner has drilled or proposes to drill a well on the drilling and spacing unit. Appellant is concerned because the drilling company contemplated drilling a well on an adjacent tract before the well was to be drilled on the forty-acre plot in question. He contends this not only violates the statutory mandate, but that it is a violation of procedural and substantial due process.

The statute does not require that a separate owner promise to drill a well, only that the Corporation Commission has the authority to order forced pooling if a well is *proposed.* No. cases are cited by appellant, nor are we aware of any authority which requires the separate owner to bind himself inextricably to drill a well before the unit may be pooled. The order, in addition to the other rights conferred upon the pooled mineral owners, also required the commencement of drilling operations within 120 days with diligent prosecution to completion.

### II

█ The burden of showing that the order of the Commission is unconstitutional rests upon the appellant. The Oklahoma forced pooling statute has routinely been held to be constitutional, and the appellant has failed to show that it was unconstitutionally applied in this instance.[2]

### III

It is argued that the evidence before the Commission was too indefinite to substanti-

ate the estimated well costs in order that definite provisions for payment could be made. The evidence reflects that the estimated well costs were $150,000 for a well completed for production and $75,000 for a dry hole. Although counsel for appellant initially objected to the drilling company's landman's expertise concerning drilling costs, the objection was withdrawn. Even though certain reservoir information was requested from Brown, which was held to be proprietary, the Corporation Commission made a definite provision for the payment of well costs, and it was stipulated that an A.F.E. would be furnished.

### IV

█ The assertion that the wrong statutory authority was relied on by the Commission is without merit. The recitation of 52 O.S.Supp. § 87.1(d) as authority for issuance of the order is an obvious clerical misprision. Section 87.1(d) was the applicable statute until the statute was amended in 1977. At this time, 52 O.S.Supp.1977 § 87.-1(e) became the proper citation.

### V

All the procedures mandated by § 87.1(e) were followed in the issuance of Order No. 140283, and the correlative rights of the non-consenting mineral owners were protected.

AFFIRMED.

All the Justices concur.

---

such tract in the unit the opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas. The portion of the production allocated to the owner of each tract or interests included in a well spacing unit formed by a pooling order shall, when produced, be considered as if produced by such owner from the separately owned tract or interest by a well drilled thereon. Such pooling order of the Commission shall make definite provisions for the payment of cost of the development and operation, which shall be limited to the actual

expenditures required for such purpose not in excess of what are reasonable, including a reasonable charge for supervision. In the event of any dispute relative to such costs, the Commission shall determine the proper costs after due notice to interested parties and a hearing thereon.

2. *Anderson v. Corporation Commission*, 327 P.2d 699, 703 (Olk.1958); *Superior Oil Co. v. Corporation Commission*, 206 Okl. 213, 242 P.2d 454 (1952); *Croxton v. State*, 186 Okl. 249, 97 P.2d 11 (1939).